UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

TINA W.,[1]

               Plaintiff,

   v.

COMMISSIONER, Social Security
Administration,

               Defendant.

Case No. 6:19-cv-01171-MK

**OPINION
AND ORDER**

_____

**Kasubhai**, United States Magistrate Judge:

     Plaintiff Tina W. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her application for social security

income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a

Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of

Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 5. For the reasons that follow, the

Commissioner's decision is REVERSED and this case is REMANDED for an immediate payment

of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-
government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for SSI in June 2016, alleging disability beginning May 24, 2016. Tr. 13; 147–155.2 Her claims were denied initially and upon reconsideration. Id. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in June 2018. Tr. 28–60; Tr. 92–94. On August 27, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 10–27. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 48 years old on the initial alleged onset date. Tr. 20. She completed education through the ninth grade and has past relevant work as a dog groomer, caregiver, and babysitter. Tr. 37; Tr. 171. Plaintiff alleges disability due to chronic fatigue relating to fibromyalgia, with a specific diagnosis of idiopathic hypersomnolence, which causes Plaintiff to spontaneously fall asleep during the day. Tr. 39–40.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a

---

2 "Tr." citations are to the Administrative Record at ECF No. 13.

grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset. Tr. 15. At step two, the ALJ found Plaintiff's fibromyalgia was a severe impairment. Tr. 16. At step three, the ALJ found Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 17. Before proceeding to the fourth step, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). The ALJ found Plaintiff had the RFC to perform a full range of light work, with the following nonexertional limitations:

> [She could] push, pull, lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk for 6 hours in an 8-hour day. [She] can never work at unprotected heights, around moving mechanical parts and should never operate a motor vehicle.

Tr. 17.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 20. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a

Page 4 — OPINION AND ORDER

significant number of jobs existed in the national economy such that Plaintiff could sustain

employment despite her impairments. Tr. 20–21. The ALJ thus found Plaintiff was not disabled

within the meaning of the Act. Tr. 21–22.

## DISCUSSION

Plaintiff contends that the ALJ erred by: (1) failing to provide legally sufficient reasons to

discount the medical opinion of her treating specialist, Mari Goldner, M.D.; (2) improperly

rejecting Plaintiff's subjective symptom testimony; and (3) erroneously omitting idiopathic

hypersomnolence as a severe impairment at step two. The Commissioner concedes these errors

were harmful, but nevertheless contends that the appropriate remedy is to remand this case to the

ALJ for an additional administrative hearing "to allow the ALJ to properly evaluate and resolve

conflicts in the evidence." Def.'s Br. Requesting Remand, 2, ECF No. 21 ("Def.'s Br.").

## I.    Summary of Erroneously Rejected Evidence

### A. Plaintiff's Subjective Symptom Testimony

Plaintiff indicated, both in her July 2016 function report and in her June 2018 testimony,

that she experiences chronic fatigue throughout the day and spontaneously falls asleep two to three

times daily sometimes for a half-hour or more. Tr. 39–41; Tr. 193–96. Plaintiff testified that she

"can't stand very long" without becoming overly fatigued, has "trouble sitting for extended periods

of time" without falling asleep, and that she is unable to consistently walk more than "a couple

blocks maybe." Tr. 48–49.

### B. Opinion of Mari Goldner, M.D.

Dr. Goldner began treating Plaintiff in April 2016 and served as her treating sleep-specialist

through at least May 2018. *See* Tr. 535–74. After testing, the doctor diagnosed Plaintiff with

idiopathic hypersomnolence. Tr. 576. In a 2018 letter in support of her disability claim, Dr.

Goldner wrote that while he was "impressed with [Plaintiff's] drive and desire to regain her

health," Plaintiff was "absolutely unable to work an 8 hour day with normal breaks, 5 days per week on a sustained basis." Tr. 576. The doctor further noted that Plaintiff would be unable to sustain work "for a week without needing days off to rest, let alone a month or more." *Id.*

As noted, the Commissioner concedes the ALJ failed to supply legally sufficient reasons for rejecting this evidence.

## II.    Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)).

Page 6 — OPINION AND ORDER

The Commissioner does not argue that Plaintiff fails to satisfy the three prongs of the credit-as-true analysis and has accordingly waived any argument to the contrary.[3] *See* Def.'s Br. 4–7. Instead, the Commissioner asserts that the record leaves "serious doubt" as to whether Plaintiff is disabled. *Id*. The Commissioner highlights Plaintiff's noncompliance with treatment, a toxicology screening in which she tested positive for benzodiazepines and Plaintiff's past drug use, as well as her reports to medical providers of self-medicating in support of his assertion. *Id*.

The Court is not persuaded that evidence creates serious doubt that Plaintiff is disabled for at least three reasons. First, an independent review of the record reveals that Plaintiff was largely candid with providers about her relapse after eight years of sobriety. Tr. 542; *see also* Tr. 508 (reporting stimulant use to "treat her fatigue and sleepiness"); Tr. 544 (reporting valium use after positive toxicology screening); Tr. 46 (hearing testimony); *but see* Tr. 506 (provider recommending that Plaintiff seek alternative care based on "episodes of apparent dishonesty"). Second, by April 2018—one month before Dr. Goldner penned his letter opinion in support of Plaintiff's disability claim—Plaintiff's short-lived relapse had ended. Tr. 540 ("She convincingly states she has not done any methamphetamine."). Third, other than summarizing the medical record, the Commissioner does not meaningfully "explain[] how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *See Dominguez*, 808 F.3d at 407.

---

[3] In any event, the Court finds Plaintiff has satisfied all three requisites. First, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony and the opinion of Dr. Goldner. Second, record has been fully developed and a remand would serve no useful purpose. In other words, the issues raised by the Commissioner below would not be resolved by remanding this case. Finally, crediting the limitations described in Plaintiff's testimony at the administrative hearing, as well Dr. Goldner's opinion, compels a finding of disability. *See* Tr. 58 (VE answering in the affirmative that and individual who "fall[s] asleep on an unpredictable basis for thirty minutes at a time" twice during a work shift could not sustain employment).

Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1020–21 (citations omitted); *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021). As such, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on  substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 10th day of August 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge